UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL HAVER,

Plaintiff,

v.

Hon. Paul L. Maloney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN,

Case No. 1:26-cv-1815

Defendant.
_____________________________________/

**REPORT AND RECOMMENDATION**

Plaintiff Cheryl Haver filed a pro se complaint on June 9, 2026, against the United States District Court for the Western District of Michigan. (ECF No. 1.) Plaintiff was granted leave to proceed as a pauper on June 17, 2026. (ECF No. 6.) Having conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), I recommend that the Court dismiss it for failure to state a claim.

Plaintiff alleges that she filed this action "due to discrimination and unfairness" in rulings in cases that she filed in this Court. More specifically, Plaintiff believes that rulings dismissing her cases, *Haver v. Davison Invention et al.*, No. 1:25-cv-427, *Haver v. Acurast*, No. 1:26-cv-1473, and *Haver v. Caesars Entertainment et al.*, No. 1:26-cv1594, were unfair. Plaintiff alleges that she appealed her cases but was told by the Sixth Circuit Manager of Appeals that she should get a lawyer. (ECF No. 1 at PageID.4–5.)

The complaint fails to state any cognizable claim. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted). As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Plaintiff has no cause of action against this Court or the judges who decided her cases. If Plaintiff believes that the orders and judgments entered in her cases were unfair or erroneous, the proper remedy is an appeal to the United States Court of Appeals for the Sixth Circuit, not a lawsuit against this Court or any judges who decided her cases. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (noting that unfavorable rulings are proper grounds for an appeal, not recusal); *Zimmer v. Gallagher*, 2022 WL 17428950, at *1 (10th Cir. Dec. 6, 2022) ("Rather than appeal the district court's unfavorable ruling in his separate case, Mr. Zimmer filed six suits against Magistrate Judge

Gallagher. The district court did not abuse its discretion in concluding that these suits were 'frivolous, malicious, and abusive.'").

Accordingly, I recommend that the Court dismiss Plaintiff's complaint for failure to state a claim.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: July 9, 2026

/s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).